**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 10:50 AM March 31, 2014**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| JACK HARRISON LEVY AND | ) | CASE NO. 11-60130 |
| CAROL JEAN LEVY, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

    This case is before the court sua sponte. On February 25, 2014, the chapter 13 trustee, Toby L. Rosen ("Trustee") filed a Notice of Completion of Plan Payments and subsequently released Debtors from further payments under their plan. In pursuit of discharge, Debtors filed "end of case" documents required by the bankruptcy code and the court's Administrative Order 08-06. These documents include a copy of a death certificate that reveals Mr. Levy died on October 6, 2012. Additionally, Mrs. Levy signed the end of cause documents on Mr. Levy's behalf and submitted an affidavit attesting to her knowledge of the information contained in them. The court must consider whether to grant Mr. Levy a discharge on these facts.

    The court has jurisdiction of this case under 28 U.S.C. § 1334 and the order of reference, General Order 2012-7, dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtors filed a joint chapter 13 case on January 18, 2011. Their plan was confirmed on April 28, 2011. The trustee filed a Notice of Completion of Plan Payments on February 25, 2014. Debtors filed certificates of completion of the post-petition debtor education course on May 3, 2011. On March 14, 2014, the DSO ("domestic support obligation") and § 1328(h) certifications were filed. These documents show that Mr. Levy died in October 2012. Mrs. Levy signed certifications on behalf of Mr. Levy.

## DISCUSSION

The bankruptcy code contains no guidance on how a case should proceed when a debtor dies during the case. *Accord* In re Quint, 2012 WL 2370095 (Bankr. D.S.C. 2012). However, Bankruptcy Rule 1016 does provide some direction. In applicable part, it states

> If a reorganization, family farmer's debt adjustment, or individual's debt adjustment plan is pending under chapter 11, chapter 12, or chapter 13, the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred.

Fed.R.Bankr.Pro. 1016. The rule contemplates completion and discharge when possible but courts often struggle to determine what is intended by the rule. Id. Some courts refuse to grant a discharge on the basis that a deceased debtor does not need a fresh start and probate court is a more appropriate forum to deal with a deceased debtor's debts. In re Hennessy, 2013 WL 3939886 (Bankr. N.D. Cal. 2013) (citing In re Shepherd, 490 B.R. 338 (Bankr. N.D. Ind. 2013)). Others conclude that the rule doesn't prevent entry of a discharge for a deceased debtor. In re Perkins, 381 B.R. 530 (Bankr. S.D. Ill. 2007).

A chapter 13 discharge is premised on fulfillment of certain requirements, in addition to plan payments by a debtor. Under 11 U.S.C. § 1328(g)(1), the court "shall not grant a discharge under this section to a debtor unless after filing a petition the debtor has completed an instructional course concerning personal financial management described in section 111." For debtors subject to a DSO order, section 1328(a) requires a certification from debtor "that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only the extent provided for by the plan) have been paid . . . ." Similarly, a court can only grant a discharge if it "finds that there is no reasonable cause to believe that—(1) section 522(q)(1) may be applicable to the debtor; and (2) there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debtor of the kind described in

2

section 522(q)(1)(B)." 11 U.S.C. § 1328(h). The issue for the court is how to harmonize the goal of concluding a case involving a deceased debtor, and thereby allowing "further administration," while also satisfying a debtor's pre-discharge requirements.

In the absence of clear and direct guidance, case law addressing deceased chapter 13 debtors developed irregularly and cases discussing the pre-discharge requirements for deceased debtors are extremely sparse. Two decisions from bankruptcy courts in Georgia illustrate the dichotomy. In In re White, the court took an unyielding approach to the code's requirements. White v. Glennville Bank (In re White), 2011 WL 3426166 (Bankr. S.D. Ga. 2011) (unpublished). The debtor died during the chapter 13 case but payments were maintained by the debtor's family. At the end of the case, a suggestion of death was filed, resulting in dismissal. Id. Counsel moved to reinstate the case and enter a discharge. Id. A creditor objected. Id. The court denied the motion, finding that the debtor's failure to satisfy the postpetition financial management course was fatal. Id.

But a different judge in the same district held in the opposite direction. In re Bouton, 2013 WL 5536212 (Bankr. S.D.Ga. 2013). In July 2013, the chapter 13 trustee sent notice that payments were complete. Id. Debtor passed away in April 2013, so counsel filed a motion to exempt the debtor from the financial management course and court's DSO certification requirement. Id. After reviewing the record, finding no evidence of a DSO obligation, and concluding a dead debtor is meets the definition of disability in 11 U.S.C. § 109(h)(4), the court granted the motion. Id. The result was a de facto acceptance that "further administration" can mean entry of a discharge even if the debtor does not comply with end-of-the-case requirements. *See also* In re Runfola, 2011 WL 6752179 (Bankr. E.D. Va. 2011) (both debtors passed away after completing plan payments but before filing certifications and court waived the requirements).

This court previously rejected an argument that "further administration" is limited to the completion of plan payments. In re Sales, Case No. 03-60861 (Bankr. N.D. Ohio September 15, 2006). The Sales debtor died and counsel filed a motion for hardship discharge. Although the court denied the request, finding it was not in the best interest of creditors, the court specifically found that "further administration" encompassed a hardship discharge. On different facts, the court entered a hardship discharge for a dead debtor. In re Dickerson, Case No. 10-60680 (Bankr. N.D. Ohio March 6, 2012).

Often, "further administration" is unlikely in a chapter 13 case because payments depend on income from the debtor. In re Shepherd, 490 B.R. 338 (Bankr. N.D. Ind. 2013) (citing Lundin & Brown, Chapter 13 Bankruptcy § 269.1 ¶ 2)). Thus, Rule 1016 supports continuation of a case when circumstances permit. This case is an outlier. When Mr. Levy died approximately halfway into the plan, the joint debtor completed payments under the plan without modification. Consequently, creditors received their expected distribution. Only two documents now stand between the deceased debtor and a discharge: the certifications regarding DSO obligations and § 1328(h). Since further administration was possible, the question becomes whether there is anything either so personal or unique about the end-of-case

3

requirements to prevent either waiver or satisfaction of the requirements by another on behalf a deceased debtor.

In order to determine whether a debtor is eligible for a discharge under § 1328(a), the court requires completion of a DSO certification. Adm. Order 08-06 (entered June 27, 2008). Parsing the code requirement, the intent is to verify that a debtor who has a DSO obligation has fallen no further behind during the chapter 13 case. Thus, (1) all prepetition amounts due and provided for in the plan, and (2) all postpetition amounts due through the date of the certification, must be paid before the court can enter a discharge.

The first segment provides the court little pause. The court cannot imagine a scenario where the trustee would file a notice that payments were complete if amounts due under the plan were outstanding. The second prong, however, may not be within the realm of trustee's knowledge and therefore requires additional consideration.

The definition of a DSO is found at 11 U.S.C. § 101(14A). Notably, a DSO can accrue "before, on or after the date of the order for relief in a case under this title." This means that a DSO may include postpetition amounts.[1] In a full compliance chapter 13 case, a DSO is not dischargeable. 11 U.S.C. § 1328(a)(2); 11 U.S.C. § 523(a)(5). Chapter 13's super discharge allows a debtor who completes payments to discharge debts to a "spouse, former spouse or child of the debtor and *not* of the kind described in paragraph (5) [DSOs] . . . ." (emphasis added) But every DSO, by definition, falls under § 523(a)(5). So, if not paid, a DSO is not affected by entry of a discharge. Consequently, a DSO certification is more form than substance.

The court does not point this out in an effort to encourage subversion of the bankruptcy code. But there is a stark distinction between an action that can alter liability on a debt versus one which cannot. Since the § 1328(a) certification appears to fall under the latter category, the court finds no reason that the DSO certification requirement cannot be undertaken by another in appropriate circumstances. The requirement therefore does not impede "further administration" contemplated under Rule 1016.

Similarly, the court reaches the same conclusion about § 1328(h), albeit along slightly divergent reasoning. First, the certification requirement arises from the court's local rule implementing this section of the bankruptcy code, not from a specific code demand. The certification process was simply the mechanism employed by the court to assure its authority to enter a discharge. In Ohio, the section generally will not apply because Ohio's homestead exemption amount falls below the threshold amount set forth in § 522(q)(1).[2] *Accord* Adm. Order 08-11 (March 25, 2014) (Judge Woods). Only debtors who could rely on larger residential real estate exemptions from other states would possibly be impacted by § 1328(h). In the majority of cases filed in this court, a review of claimed exemptions will determine whether

---

[1] Even if a DSO did not include postpetition amounts, pospetition obligations are not subject to a confirmed plan. In re Hutchens, 480 B.R. 374 (Bankr. M.D. Fla. 2012) (citing In re Burnett, 646 F.3d 575, 582 (8th Cir. 2011)).
[2] At the time of this opinion, for example, Ohio's exemption for residential real estate is $132,900 and the § 522(q)(1) amount is $155,675.

4

§ 1328(h) is in play. Considering the limited number of cases which are likely to be affected, coupled with the fact that the certification procedure was developed by the court and not required under the code, the court again finds no reason to rigorously adhere to the certification procedure used by the court to meet § 1328(h)'s requirements in a case when a debtor passed away. Therefore, the court will permit another person to submit a § 1328(h) certificate on behalf of a deceased debtor under appropriate circumstances. To do so, a motion seeking authority should be filed outlining the circumstances. Additionally, proof of death must be provided.

Based on the above, the court concludes that the end of the case requirements are not an automatic bar to allowing "further administration" in a case involving a deceased debtor. Since the "further administration" is possible, the question becomes who is entitled to act on behalf of a deceased debtor? In South Carolina, the bankruptcy courts have utilized the appointment of a probate "special administrator" via motion to act in debtor's stead. Quint, 2012 WL 2370095 (citing In re Vetter, No. 11-03988-dd, slip op., at 5 (Bankr. D.S.C. May 7, 2012)). Others have allowed for the substitution of a personal representative. In re Stewart, 2004 WL 3310532 (Bankr. D.Or. 2004). Legal representatives, such as administrators and executors, may also have authority. In re Seitz, 430 B.R. 761 (Bankr. N.D. Tex. 2010). At least one court has noted that the authority of another person to act may depend on the circumstances or posture of the case. Vetter, 2012 WL 1597378, * 2 (Bankr. D. S.C. 2012). The court agrees with this position. Who can act must be determined case by case.

The only issue before the court is whether Mrs. Levy can act on behalf of her deceased husband and file documents necessary for discharge. For the purposes of filing end of the case documents, the court finds that a person with specific knowledge of the deceased debtor's finances may act on behalf of debtor in completing the § 1328(a) and (h) certifications. To establish knowledge, the person must file an affidavit outlining a sufficient factual foundation in order to establish a fitting record.

Under Rule 1016, the mere fact that further administration was possible, and may be accomplished through other procedures, is not the only inquiry to be made when considering whether to allow a case to proceed. A court must also consider the best interest of the parties. In re Langley, 2009 WL 5227665 (Bankr. S.D. Ga. 2009); Stewart, 2004 WL 3310532; In re Spiser, 232 B.R. 669 (Bankr. N.D. Tex. 1999). For this reason, the inquiry should be made as close to the death as possible. Otherwise, a case could continue only to later determine it was not in the best interest of the parties, resulting in dismissal without discharge. To make a "best interest" determination, a court should look at the facts and circumstances of each case individually. Perkins, 381 B.R. 530, 537. In previous opinions, the court has considered the interests of other creditors, a debtor's ex-spouse, the probate estate, and a surviving joint debtor. Sales, Case No. 03-60861; Dickerson, Case No. 10-60680. There is nothing in the record in this case regarding the interests of the other parties.

Upon consideration of all of the above, the court concludes that it may be possible for someone to act on behalf of a deceased debtor. However, the facts and circumstances of each case will drive the determination of who that person is, whether further administration is

5

possible, and whether it is in the best interest of the parties. To make the determination, the court will require the person seeking to sign end of case documents on behalf of a deceased debtor to file a motion, and properly serve and notice it, setting forth the following: (1) whether there is a probate estate, whether the creation of a probate estate is expected and, if not, why; (2) the identification of the party seeking to act, his or her relationship to the debtor, and a foundation for his/her personal knowledge, all set forth in an affidavit; and (3) acceptable proof of death, such as a copy of a death certificate.

An order consistent with this opinion will be entered immediately.

#         #         #

**Service List:**

Nicole L. Rohr
Thrush & Rohr LLC
4410 22nd Street NW
Canton, OH 44708

Carol Jean Levy
1211 North Main St.
Uhrichsville, OH 44683

Toby L Rosen, Trustee
400 W Tuscarawas St
Charter One Bank Bldg, 4th Floor
Canton, OH 44702